### Rose Malloy, Defendant in Error, v. Chicago Telephone Company, Plaintiff in Error.

### Gen. No. 15,205.

1. INSTRUCTIONS—*when as to punitive damages will reverse.* An instruction which without warrant authorizes the allowance of punitive damages is ground for reversal.

2. INSTRUCTIONS—*predicated upon evidence.* Instructions properly to be given must be predicated upon some evidence in the case.

3. INSTRUCTIONS—*when modification after retirement ineffectual.* Modifying instructions to the jury after retirement is ineffective to cure error in the original instructions if it is apparent from the time intervening between the giving of the modification and the rendering of the verdict that the modification had not been considered by the jury.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed February 3, 1911.

HOLT, WHEELER & SIDLEY, for plaintiff in error.

P. A. HINES and F. J. KARASEK, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

In an action for personal injuries brought by Rose Malloy, defendant in error, against the Chicago Telephone Company, plaintiff in error, the plaintiff recovered a judgment for $500 and costs. In the bill of

particulars it is claimed that on July 27, 1907, the employes of the Telephone Company trespassed on the premises of the plaintiff's husband, and, through their negligence and carelessness, assaulted, beat, kicked and struck the plaintiff and knocked her down, with resulting bodily injuries.

The evidence showed no wanton or wilful or malicious violence exercised against the plaintiff by the employes of the Telephone Company, and that whatever violence or injuries she suffered was the result of her own aggression in crowding herself into two holes which the telephone employes were digging, and in pressing herself between the workmen and a fence while they were digging the holes.

There is no foundation for punitive damages in the bill of particulars or the evidence. The court, however, instructed the jury that if they believed from a preponderance of the evidence that the employes of the defendant acted in a wanton and wilful manner in their treatment of the plaintiff, they had the right, in addition to the actual damages, to give her smart money or punitive damages; and that in doing so the jury had the right to take into consideration the position of plaintiff in society and the pecuniary standing and ability of the defendant.

Having been thus instructed the jury retired at the hour of ten o'clock in the morning to consider their verdict. At the hour of 11:15 in the morning the court directed the jury to be brought into court, and further instructed them to the effect that he had sent for them in order to modify or change an instruction which he had given them upon the subject of punitive damages. The court then instructed the jury as follows: "If you find that the plaintiff is not entitled under the evidence and the instructions of the court to punitive damages, then it will not be necessary for you to consider this instruction which I am about to give you now; but if you shall find under the evidence and the

instructions of the court that the plaintiff is entitled to punitive damages in addition to the actual damages which she may have sustained, if any, you are to disregard that part of the instruction of the court which told you that you might in that event take into consideration the financial standing or position of the defendant and the social position of the plaintiff, for the reason that upon further reflection I am not able to recall that any evidence was introduced upon that subject, namely, as to the position or standing of the plaintiff and as to the financial condition or standing of the defendant.'' Thereupon the jury again retired, and, as the record shows, in about the time necessary to reach the jury room and return therefrom, came into the court and rendered the verdict. It is manifest, therefore, from the record, that the jury had arrived at their verdict when the court sent for them, and did not reconsider the case after the court modified its instruction. Undoubtedly the verdict includes punitive damages, and it was arrived at under the original instruction. The instruction as originally given was misleading and erroneous, and as modified it was likewise misleading and erroneous, because it had no basis in the evidence.

The judgment is therefore reversed and the cause is remanded for a new trial.

*Reversed and remanded.*